UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRONT RUNNER PRODUCTIONS, INC. <br> dba Frontrunner Productions <br> 4081 Seaport Blvd. <br> West Sacramento, CA 95691, <br><br> Plaintiff, <br><br> v. <br><br> THE NATIONAL JUNETEENTH FOUNDATION, INC. <br> 1300 I Street, N.W. <br> Suite 400E <br> Washington, D.C. 20005, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. _____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **COMPLAINT**

COMES NOW Plaintiff Front Runner Productions, Inc., d/b/a Frontrunner Productions, by and through counsel, and brings this Complaint against Defendant, The National Juneteenth Foundation, Inc. for breach of contract. In support thereof, Plaintiff states the following:

## **PARTIES**

1. Plaintiff, FRONT RUNNER PRODUCTIONS, INC., doing business as Frontrunner Productions ("Frontrunner"), is, and at all times herein mentioned was, a California corporation with its principal place of business located in Yolo County, California.

2. Defendant, NATIONAL JUNETEENTH FOUNDATION, INC. ("Juneteenth Foundation"), is, and at all times herein mentioned was, a Delaware business corporation with its principal place of business located in Washington, DC.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction of this action under 28 U.S.C. §1332(a)(1) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between companies that are citizens of different states.

4. This Court has personal jurisdiction over the Defendant because the Defendant has its principal office and principal place of business in the District of Columbia, the contract was entered in the District of Columbia and the contract was to be performed in the District of Columbia.

5. Venue in this district is established by 28 U.S.C. §1391(b)(1) because the Defendant is deemed to reside in the District of Columbia pursuant to 28 U.S.C. §1391(c)(2).

## FACTUAL BACKGROUND

6. Plaintiff is a company in the business of providing full-service event production and management services.

7. On information and belief, Juneteenth Foundation is a charitable and educational organization exempt from federal taxation under section 501(c)(3) of the Internal Revenue Code of 1986 as amended. Juneteenth Foundation hosts an annual festival for the purposes of fundraising for the organization.

8. On or about June 2, 2022, Juneteenth Foundation and Plaintiff entered into an Event Production Service Agreement (the "Agreement"), under which Plaintiff agreed to provide event production and management services, equipment, facilities, and supplies to

Defendant for Juneteenth Foundation's "Juneteenth Foundation Honors" to take place on June 16, 2022. A true and correct copy of the Agreement is attached hereto as **Exhibit A** and incorporated herein by this reference.

9. Pursuant to the terms of the Agreement, in consideration of the event services, facilities, equipment and supplies to be provided by Frontrunner, Juneteenth Foundation was obligated to pay to Frontrunner total fees and expenses of $370,087 (the "Production Fees"). The Production Fees included all of the costs of all of the items to be provided by Frontrunner for the event and compensation for Frontrunner's own services. After agreed adjustments to the Production Fees, the total amount of Production Fees payable was $374,087.

10. The Agreement provided that Juneteenth Foundation was to pay Frontrunner 75% of the Production Fees ($280,565) prior to load-in, that is prior to the physical set up of the event space, and the remaining 25% within 30 days of presentation by Frontrunner of a final invoice.

11. The Agreement further provided that (1) Juneteenth Foundation was obligated to pay interest at a rate of 10% per annum on all past due amounts owed to Frontrunner; (2) if it became necessary for Frontrunner to retain legal counsel to collect any portion of the fees due under this Agreement, Juneteenth Foundation is liable for payment of all reasonable legal fees incurred by Frontrunner; (3) the Agreement is governed by the laws of California; and (4) in the event of any legal action brought by any party under the Agreement, the prevailing party is entitled to recover the reasonable attorneys' fees.

12. On or about June 14, 2022, Frontrunner informed Juneteenth Foundation that Frontrunner had not received the 75% payment and that Frontrunner needed a deposit of at least $100,000 to proceed to provide services under the Agreement. Laquan Austion ("Austion"),

CEO and Founder of Juneteenth Foundation, then promised Frontrunner that Juneteenth Foundation would deliver a $100,000 cashier's check to Plaintiff. A check in that amount was delivered to Frontrunner on or about June 15, 2022.

13. Juneteenth Foundation never paid Frontrunner the remaining $274,087 in Production Fees.

14. Frontrunner performed all of its obligations under the Agreement, by providing all of the services, equipment, facilities and supplies set forth in Exhibit A to the Agreement, so that the event could take place as scheduled.

15. On or about June 24, 2022, Jennifer Larus ("Larus"), director of Frontrunner, informed Juneteenth Foundation via email that the remaining payment due was never received and demanded immediate payment; Defendant never responded.

16. Shortly thereafter, on or about June 27, 2022, Frontrunner sent Juneteenth Foundation an invoice with another demand for payment. Juneteenth Foundation never responded.

17. A few weeks later, on or about August 12, 2022, Larus sent another request for payment to Juneteenth Foundation . Larus was notified that the Defendants read and received the email, but again Juneteenth Foundation failed to respond.

18. On or about August 17, 2022, Larus resent the same invoice asking for a response and for payment of the owed amount. Austion then responded and stated that he was not receiving any emails and that he would call Frontrunner the morning of August 19, 2022.

19. On or about August 19, 2022, Austion emailed Larus and stated that he would call Larus at 5:00pm at the latest; but Austion never called.

20. Soon thereafter, on August 22, 2022, Larus called Austion and left a voicemail. On this same day, Larus sent Austion an email requesting a call to discuss the payment of the owed invoice.

21. A few days later, on August 26, 2022, Austion sent Larus a text message in which he indicated that Juneteenth Foundation would render payment in the next few days.

22. After not receiving any payment from Juneteenth Foundation, on August 31, 2022, Larus sent a follow-up text message to Austion checking in on the status of payment. Neither Austion nor anyone else associated with Juneteenth Foundation ever responded.

23. Despite multiple demands from Frontrunner, Juneteenth Foundation provided no response until September 13, 2022, when Austion indicated that Juneteenth Foundation was waiting to receive money from a specific sponsor and that upon receipt of that contribution, Juneteenth Foundation would pay Frontrunner the balance owed.

24. On or about September 26, 2022, Austion represented to Larus via text message that Juneteenth Foundation "will pay you what's owed."

25. To date, and despite Frontrunner's full performance of all of its obligations under the Agreement, Juneteenth Foundation has failed to pay Frontrunner as required by the terms of the Agreement and there is now currently due and owing to Plaintiff the amount of $274,087. exclusive of interest.

26. Plaintiff has made numerous demands on Juneteenth Foundation for payment of the $274,087, including through counsel, but Juneteenth Foundation has failed to render any payment to Plaintiff.

27. Under the Agreement, Plaintiff is also entitled to the interest accrued on the unpaid amount at a rate of ten percent per annum.

28. Despite repeated demands for payment, Defendants have failed and refused, and continues to fail and refuse, to pay all amounts currently due and owing Plaintiff under the terms of the Agreement.

## COUNT ONE—BREACH OF CONTRACT

29. Plaintiff refers to and incorporates, as though fully set forth herein, paragraphs 1 through 28, inclusive.

30. Plaintiff performed all of its obligations and covenants under the Agreement.

31. Defendant's performance of its obligations was not excused or waived by Plaintiff.

32. Defendant has breached the Agreement by failing to pay Plaintiff the amount due to Plaintiff under the Agreement in consideration of the Plaintiff's performance of all of its obligations under the Agreement.

33. Juneteenth Foundation has breached the Agreement by failing to pay Plaintiff the balance of $274,084 due to Plaintiff under the Agreement, exclusive of interest.

34. Under the Agreement, Plaintiff is also entitled to the interest accrued on the unpaid amount at a rate of ten percent per annum

35. There is implicit in every agreement, a covenant of good faith and fair dealing obligating the parties thereto to act toward each other in good faith, to deal fairly, and not to do anything that might deprive the other party the expectations and benefits of the Agreement.

36. . Defendant has reached this covenant of good faith and fair dealing by, among other things: (1) failing to make the required payments to Plaintiff as stipulated under the Agreement; (2) intentionally ignoring the requests of Plaintiff; and (3) intentionally misrepresenting to Plaintiff that payment of the invoices will be completed in a timely manner.

37. As a direct and proximate result of the breaches of the Agreement by Juneteenth Foundation, Frontrunner has been directly damaged in the sum of at least $274.087, representing the unpaid Production fees, consisting of the amounts actually expended by Frontrunner for equipment, services, facilities and supplies provided by Frontrunner for the event, pursuant to the Agreement, and Frontrunner's own fee, all of which fee represented loss profit to Frontrunner; plus pre-judgment interest at the rate of 10 percent per annum.

38. In addition, Plaintiff is entitled to special (consequential) damages in an amount to be proven at trial, consisting of lost profits from other projects, because of the need to use payments made by clients for those other projects to pay the vendors for the Juneteenth Foundation event when Defendant failed and refused to pay the amounts due.

39. The risk of such loss was known to or should have been known to Defendant at the time the Agreement was made, and those lost profits were foreseeable and proximately caused by Defendant's breach of the Agreement.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for the following relief:

(1) Award Plaintiff actual damages of $274,087;

(2) Award Plaintiff interest on the principal sum of $274,087 at a rate of ten percent per annum for the period from and including June 16, 2022 through and including the date of judgment;

(3) Award Plaintiff special (consequential) damages arising from Defendant's breach of the Agreement;

(4) Award Plaintiff post-judgment interest on the amount of the judgment;

7

(5) Award Plaintiff its reasonable attorneys fees incurred in the filing and prosecution of this action; and

**(6)** Award Plaintiff such additional relief as the Court may determine to be just and proper.

## JURY DEMAND

**Plaintiff demands a trial by jury on all issues triable by a jury.**

December 12, 2022                                          Respectfully submitted,

                                                          /s/ Joseph E. Sandler

                                                          Joseph E. Sandler DC Bar #255919
                                                          SANDLER REIFF LAMB ROSENSTEIN &
                                                          BIRKENSTOCK, P.C.
                                                          1090 Vermont Ave., N.W. Suite 750
                                                          Washington, D.C. 20005
                                                          Tel: 202 479-1111
                                                          Fax: 202-479-1115
                                                          sandler@sandlerreiff.com

                                                          *Attorneys for Plaintiff*